# North Presbyterian Church of Chicago
## *v.*
## Otto Jevne, Peter Almini and Charles Daegling.

1. Judicial sales — *divisibility of property — mechanic's lien.* It is improper in a decree for the sale of property to satisfy a mechanic's lien, to direct a sale of the building without the ground upon which it stands.

2. The 14th section of the act relating to mechanics' liens, only authorizes the division of property which is to be sold, when it can be done without injury.

3. And a division can be made under such circumstances only when the part which is separated will be sufficient to pay all the claims, but not for the purpose of paying a portion only of the debts.

4. Parties — *petition to enforce mechanic's lien.* It is proper, under the 15th section of the act, to make a prior mortgagee a party to a proceeding to enforce a mechanic's lien, although the mortgage debt may not yet be due.

5. Mechanic's lien — *all liens must be adjusted.* All the parties who have liens upon the property being before the court, and the sums due them, respectively, ascertained, they will be directed to be paid and the property ordered to be sold. And this will apply even to those prior or subsequent liens by which debts not then due are secured; but in ascertaining the proper amount to be paid upon such debts, there will be a rebate of interest from the date of the judgment to the maturity of the debt.

6. Same — *the rule of adjustment.* The rule for adjusting the different rights of parties holding separate liens upon property which is sought to be subjected to the payment of a mechanic's lien, is this: Neither prior nor subsequent incumbrances can operate upon the building erected or the materials furnished, to the prejudice of the persons performing the labor or furnishing the materials; a prior incumbrancer shall be preferred to the extent of the value of the land at the time of making the contract for the erection of the building, and he, also, has a subsequent lien on the building, subject to the first lien of the mechanic, and the mechanic in like manner has a prior lien on the building, and a subsequent lien on the land. Each may have his debt satisfied out of the fund upon which he has a first lien, and if that should be insufficient, then the residue out of any surplus of the other fund which might remain after satisfying the prior lien thereon.

7. Same — *the mode of adjustment of the different liens — practice.* In order to know what proportion of the proceeds of the sale of the premises should be paid to the prior incumbrancer, and upon the mechanic's claim respectively, the court should, by a jury or a master, ascertain the separate value of the land and of the building, and direct the distribution of the proceeds according to the respective rights of the parties as fixed by the foregoing rule.

North Presbyterian Church of Chicago *v.* Jevne et al.

WRIT OF ERROR to the Superior Court of Chicago.

Jevne and Almini filed their petition in the court below to enforce a mechanic's lien upon lots five and six, in block sixteen, in Kinzie's addition to Chicago, and the church edifice thereon, belonging to the North Presbyterian Church of Chicago. The petition stated that George F. Lee and Wesley Munger claimed to have some interest in the premises, the extent or character of which the petitioners were not apprised, and they were also made parties defendant to the suit. The petitioners claimed the sum of one hundred and fifty dollars, and they prayed for a judgment, that a lien upon the premises be declared, and that they be sold to pay the indebtedness.

Defendants all answer, admitting facts stated in petition, and amount of debt due. But they state that the said church being owner of other lots exchanged them for these, and in order to erect a church edifice were compelled to borrow, to wit, $12,000, which the church could not get without the individual liability of said Munger and C. H. McCormick and E. S. Wadsworth. And, in order to obtain it, an agreement was made with them to give their names individually with a mortgage on these lots, and secure themselves by taking the title to them. Said premises were accordingly mortgaged to said Lee, on a loan by him of $12,000, and a conveyance made to said W. Munger.

It further states, that about $20,000 in cash was paid to the workmen, and materials used for work, and materials in building said church, including the money loaned by said Lee, and including these petitioners in part, for work done by them.

They insist that the value paid on the work and materials ought to be added to the naked value of the lots, in favor of the defendant Lee, in the distribution of the proceeds of the sales of the premises.

Charles Daegling filed his petition also for a mechanic's lien on same premises, for a balance due to him for mason work on said church, of $705, and prays a mechanic's lien, and judgment, and sale of the premises.

The answer admits the amount claimed to be due, and sets up the same defense, in all respects, as that to Jevne and Almini's petition.

These causes being consolidated, and coming on for trial, a decree was rendered in favor of the petitioners, as follows:

First reciting that the trial was had before the court, a jury being waived, upon the petitions, answers and proofs, and finding the petitioners entitled to the several amounts claimed by them for work and labor done and performed by them upon the church edifice mentioned, &c., and proceeding thus:

And it appearing further to the said court, that the record title to said premises stands in said Wesley Munger, and that the whole consideration and purchase-money therefor was paid by the said North Presbyterian Church of Chicago, for whose benefit the said lots of land were purchased and are held, and that said North Presbyterian Church of Chicago, at the time the contracts of said Daegling and Jevne and Almini, for said work and labor and material, were made, was, and now is, the owner of said lots of land; the said work and labor and material was done and performed with the knowledge and consent of the said Wesley Munger, who was one of the corporate members of said church; and that the said several sums of money are a just and proper lien upon said building, and upon the interest of said North Presbyterian Church of Chicago, and said Wesley Munger, in said two lots of land.

And it further appearing that said Wesley Munger, by a mortgage deed, duly executed and delivered, dated 3d July, A. D. 1860, conveyed said two lots of land, in mortgage, to said Geo. F. Lee, by the consent and at the request of said North Presbyterian Church of Chicago, to secure the payment of twelve thousand dollars borrowed of said Lee for the use of said North Presbyterian Church of Chicago, which mortgage was executed and delivered before the erection of the said buildings on said premises, and before the making of the contracts for the labor, work and material of the said several petitioners.

It is therefore ordered, adjudged and decreed that said peti-

tioners have judgment against the North Presbyterian Church of Chicago for the sum of eight hundred and eighty-eight dollars and ninety-seven cents, said sum being made up of the two several sums of one hundred and fifty dollars, found to be due to the said Otto Jevne and Peter M. Almini, and the sum of seven hundred and thirty-eight dollars and ninety-seven cents as their damages. And that said North Presbyterian Church of Chicago pay the costs in the proceeding in the case of *Charles Daegling* v. *The said defendants*, and the case of *Otto Jevne et al.* v. *The said defendants*, and the costs of this proceeding since the order of the court consolidating the said two suits, and that the petitioners have execution therefor, and that the said judgment of eight hundred and eight-eight dollars and ninety-seven cents be, and stand as, a first lien upon the building and church edifice erected and being upon said two lots of land, and also upon the said two lots of land, to the extent of the interest and equity of redemption of the said North Presbyterian Church of Chicago and said Wesley Munger therein, subject, however, to the mortgage executed by said Munger to said Lee, which is hereby declared to be a first lien on said lots, exclusive of the buildings thereon, and is hereby established and protected as such first lien

And it is further ordered, adjudged and decreed, that unless the said defendant, the North Presbyterian Church of Chicago, shall, within one hundred and twenty days from the entering of this decree of record, pay to the said petitioners the judgment herein decreed and entered, the said building and church edifice, erected and standing on said lots of land, and all the interest and equity of redemption of the said North Presbyterian Church of Chicago, and of the said Wesley Munger, as aforesaid, in and to the said two lots of land, be sold to satisfy said judgment; and that said petitioners have special execution therefor against said premises, for the sale thereof, and the proceeds of such sale be paid into court, subject to the further order thereof, to be distributed according to law among and between the said petitioners.

And it is further ordered, adjudged and decreed, that if the

proceeds of such sale, which under any future order of this court, may come to the hands of the petitioners, shall not be sufficient to pay and satisfy said judgment, that then an execution shall issue, in favor of said petitioners, against the said North Presbyterian Church of Chicago, for the amount of said judgment, with a credit of the amount actually received from the proceeds of said sale.

The church sued out this writ of error, and now insists,

1. The court erred in rendering a decree for the sale of the house and improvements without the lots.

2. In refusing to render a decree for the sale of the lots and improvements, and apportioning the proceeds to Lee, adding the value paid on improvements to the value of the lots.

Messrs. SCATES, McALLISTER and JEWETT for the plaintiff in error.

Messrs. HERVEY, ANTHONY and GALT for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The decree in this case ordered the sale of the church edifice, without the lots upon which it stood, which is assigned for error. The third section of the mechanics' lien law, provides that the person holding such a lien, may, upon petition to the Circuit Court, obtain an order for the sale of the property upon which the improvements have been made. The fifth section of the act provides the manner in which all parties in interest shall be brought before the court. The twelfth section requires the court, on the trial of the cause, to ascertain the amount due each creditor, and to direct the application of the proceeds of the sale to each, in proportion to their several amounts.

The fourteenth section declares that if any part of the premises can be separated and sold without damage to the whole, and if its value should be sufficient to satisfy the decree, the court may order a sale of that part. It will be seen that

the fourteenth section only authorizes the property to be divided when it can be done without injury. The division ordered by this decree would necessarily involve many inconveniences, which could not but produce injury. If the building was sold independent of the ground upon which it stood, so long as it remained, it could not be used by the purchaser without trespassing upon the owner of the lots. He might require its removal, and upon a failure to do so, have it done himself, and if it could be removed, it would be attended with such expense as to greatly depress its value. To tear it down would destroy its value, except the worth of the materials, and to permit it to remain, would entirely deprive the owner of the soil of all means of enjoying the ground it occupies. These considerations would, no doubt, produce a large depression in the price on such a sale, and to such an extent as to render it improper.

The fifteenth section of the act provides that persons having liens not due, may become parties to the suit, and have them allowed, subject to a deduction of interest from the date of the judgment until they become due and payable. Under this provision, the mortgagee was properly made a party to the proceeding. And under this section the court was required to ascertain the amount of his lien, and decree its payment, although it was not due, and then have ordered the sale of the whole property. The fourteenth section only authorizes a division of the property, when it can be made without injury, and when the part which is separated will be sufficient to pay all of the claims, but not for the purpose of the payment only of a part of the claims. This decree was therefore erroneous in both of these respects.

The twentieth section of the act declares that no incumbrance upon the land, created before or after making the contract for improvements, under the law, shall operate upon the building erected, or materials furnished, until the persons performing the labor, or furnishing the materials, are paid. And upon questions arising between previous incumbrances and creditors under the act, it is provided that the prior incumbrance shall be preferred to the extent of the value of the land, at the time of making the contract. It is also declared that the court shall

ascertain by jury or otherwise, as may be required, what proportion of the proceeds of the sale shall be paid to the several parties in interest. It will be seen that the mortgagee had a first lien upon the lots, to the full extent of their value, if required to pay his debt. He also had a subsequent lien on the building, subject to the first lien of the workmen thereon. They in like manner had a prior lien on the edifice, and a subsequent lien on the lots. These were the rights, and this was the relation of the parties. Each had a right to have his debt satisfied out of the fund upon which he had a first lien; and if it was not sufficient, out of any surplus that might remain after satisfying that lien.

The court should therefore have, by a jury or master, ascertained the separate value of the lots, and of the building, and upon it decreed the payment of the several claims. By it the court should have ordered the payment of the mortgage out of the proportion of the fund arising from the lots, and the mechanics out of that arising from the building. If the lots were three-tenths of the value of the entire property, then that proportion of the money should be applied to the payment of the mortgage, and the other seven-tenths to the payment of the lien of the mechanics. If the whole of either fund were not necessary to pay the lien upon it, that lien should be paid in full, and then, if necessary, the surplus of that fund should be applied to the unpaid portion of the lien on the other fund. And if any surplus remained after paying all the claim, it would be paid to the owners.

The decree of the court below is reversed, and the cause remanded.

*Decree reversed.*