[No. 14144.    Department One. — December 10, 1892.]

C. A. BARKER ET AL., APPELLANTS, *v.* JOHN P. DOHERTY ET AL., RESPONDENTS.

VOID BUILDING CONTRACT — FAILURE TO RECORD SPECIFICATIONS. — A contract for the erection of a building is void, if the plans and specifications for the building are made a part of the contract, and are not filed in the recorder's office.

ID. — FORECLOSURE OF MECHANIC'S LIEN — EVIDENCE — TEST OF COMPLETION OF BUILDING. — A contract for the erection of a building, although void because of a failure of recordation, is nevertheless admissible as evidence, in an action to foreclose a mechanic's lien upon the building, to determine the character of the building to be erected, and thereby to furnish the test by which it could be known when the building was completed.

APPEAL from an order of the Superior Court of the city and county of San Francisco denying a new trial.

The facts are stated in the opinion of the court.

*William H. Jordan,* for Appellants.

*Charles F. Hanlon,* for Respondents.

GAROUTTE, J. — Action brought to foreclose certain mechanics' liens. The court found that they were prematurely filed, and rendered judgment for respondents. The plans and specifications were made a part of the contract, and were not filed in the recorder's office; hence the contract was void. (*Willamette Co.* v. *College Co.,* 94 Cal. 229; *Yancy* v. *Morton,* 94 Cal. 558.)

Appellants were material-men, and the only question involved in this appeal is, Were the liens filed prematurely? And that question is answered by a determination as to the time when the building was completed. The court found that the building was completed by the owner (the contractor having decamped) November 30, 1886, according to the plans and specifications contained in the contract. There is evidence showing that a tenant of the owner had some possession of a portion of the building in the preceding month of September, but as these liens were filed and actions brought prior to the amendment of the code declaring occupation by the owner to be conclusive evidence of completion, that fact is only material as a circumstance tending to show the true date of completion.

In referring to the finding of fact made by the court as to the date of completion of the building, appellants, in their opening brief, say: " It is evident from the language of this finding that the court had in mind as a standard of completion the requirements of the contract, and had there been a valid contract between the parties, this finding would undoubtedly have been correct. In the absence of such contract, however, no such standard can be used, and it was the duty of the court to determine the fact of completion without reference to the requirements of any contract. Was it substantially done? Had a structure reasonably well adapted to the use for which it was designed been erected ?" Appellants have placed before us no authority supporting the rule upon which they insist, neither can it be supported upon principle.

Section 1183 of the Code of Civil Procedure provides *inter alia* that if the contract is not filed in the office of the county recorder of the county where the property is situated, it "shall be wholly void, and no recovery shall be had thereon." Under this provision of law, the contract in this case being void by reason of failure of recordation, appellants insist that the test of completion must be determined otherwise than by an inspection of

the contract, and that the character of building erected by the contractor is not required in any sense to fill the measure called for by the terms of the contract.

In *Kellogg* v. *Howes*, 81 Cal. 170, and in *Willamette Co.* v. *College Co.*, 94 Cal. 229, this provision of the code was a subject of review, and those cases decided that the contract was void as forming the basis of a recovery, and no legal liability could be created by any of its provisions. This would seem to be apparent from a cursory reading of the provision itself. It was never intended to hold in those cases that the writing could not be used as evidence to determine the character of the building to be erected, and thereby to furnish the test by which it could be known when the building was completed. Such is evident from the fact that in those cases the test of completion of the buildings was furnished by an inspection of the very contracts which were held to be " wholly void." Any other interpretation of this provision of the statute would lead to inextricable confusion, and practically nullify the entire section.

It is sufficiently difficult at the present time for lien claimants to determine the true date at which they should file their notice of liens, but if the contract as to the character of building to be erected is not to furnish a test of completion, then no test is known to the law, and the difficulties in their way would be absolutely insurmountable.

Appellants' rule of construction would compel an owner to pay for the erection of a stone or brick building when the contract called for a wooden building; or require him to pay for a building consisting of two stories and a basement when his contract called for three stories without a basement. In other words, the contractor would be practically free to erect such a building as his fancy might dictate. This cannot be the law.

Let the order denying a new trial be affirmed.

PATERSON, J., and HARRISON, J., concurred.