[No. 15779. Department One.—June 26, 1895.]

AL WOOD ET AL., RESPONDENTS, *v.* THE OAKLAND & BERKELEY RAPID TRANSIT COMPANY, APPELLANT.

MECHANICS' LIENS—UNRECORDED CONTRACT—PARTIES TO FORECLOSURE—JOINDER OF CONTRACTOR.—A complaint in an action to foreclose mechanics' liens which alleges that the contract between the owner of the property and the original contractor was void, upon the ground that neither the contract nor a sufficient memorandum thereof was filed with the county recorder, is not demurrable for a misjoinder of parties defendant, in making the original contractor a party defendant in the action, and he, being alone personally liable for any deficiency which may arise after the foreclosure of the liens, is properly joined as a party defendant if a personal judgment against him is for any reason desired.

ID.—DATE OF COMPLETION OF WORK—SUFFICIENCY OF AVERMENTS—TIME OF FILING CLAIM OF LIEN.—The fact that the complaint alleges that the building and structure was completed "on or about" a certain date does not subject the complaint to a general demurrer for insufficiency where the complaint alleges that the claim of lien was filed within thirty days after the completion of said building and structure.

ID.—UNCERTAINTY AS TO EXTRA WORK—HARMLESS RULING.—The overruling of a demurrer on the ground of uncertainty of allegation as to the character and extent of extra work alleged is harmless, and not ground

of reversal, where nothing is allowed or awarded in the decree on account of extra work.

Id.—Void Memorandum of Contract—Reference to Plans and Speci-
fications.—The memorandum of contract filed in the recorder's office reciting that the contractor is to furnish material and labor for the erection of a one-story brick building and all work mentioned in the specifications in connection therewith, and in conformity with the plans, drawings, and specifications for the same, etc., is void where the plans, drawings, and specifications referred to are neither set out nor filed in the recorder's office.

Appeal from a judgment of the Superior Court of Alameda County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. E. McElrath,* for Appellant.

The original contract being void, there was no original contractor, and he was improperly joined as a party defendant. ( *Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 229; Code Civ. Proc., secs. 1183, 1184; *Kellogg* v. *Howes,* 81 Cal. 170; *Green* v. *Clifford,* 94 Cal. 52; *Russ Lumber Co.* v. *Garrettson,* 87 Cal. 596; *Yancy* v. *Morton,* 94 Cal. 558.) The date of the completion of the building was material, and not sufficiently alleged. ( *Cohn* v. *Wright,* 89 Cal. 88.)

*James C. Martin,* and *Gordon & Young,* for Respondents.

The contractor was a proper party to the action, though not a necessary party. ( *Yancy* v. *Morton,* 94 Cal. 560; *Giant Powder Co.* v. *San Diego Flume Co.,* 78 Cal. 198; *Green* v. *Clifford,* 94 Cal. 52; *Russ Lumber Co.* v. *Garrettson,* 87 Cal. 596.) The memorandum was insufficient. ( *Barker* v. *Doherty,* 97 Cal. 10; *Yancy* v. *Morton, supra; Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 235, 236.)

Van Fleet, J.— This is an appeal by the defendant, the Oakland & Berkeley Rapid Transit Company, from the judgment rendered against it and an order denying it a new trial in three separate actions, consol-

idated and tried as one, brought for the foreclosure of certain mechanics' liens, for materials furnished and labor performed in the construction of a power-house for said defendant.

1. It is claimed that the court below erred in overruling the demurrers of appellant to the several complaints, which were alike in the particulars objected to. The first ground of objection is, that there was a misjoinder of parties defendant in the making of J. S. Ecker, the original contractor, a party defendant. The complaints proceed upon the theory and allege that the contract between the defendant corporation, the owner of the property and the original contractor, was void because neither the contract nor a sufficient memorandum thereof was filed with the county recorder, and the argument of appellant is that, taking this allegation to be true, there is in legal contemplation neither a contract nor an original contractor, and the laborer or materialman has the right under the statute to sue the owner of the building directly to enforce his lien; that in such instance the contractor is not a necessary party to a determination of the matters involved in the action, and that making him a defendant is therefore improper. It is true that under the facts alleged Ecker was not a *necessary* party to the action, but it does not follow that he was not a *proper* party, and, if he was either the one or the other, the demurrer on that ground was correctly overruled. While plaintiffs could maintain their action against the owner alone to enforce their liens, the contractor with whom they dealt was alone personally liable to them for any deficiency that might arise; and, if a personal judgment against the contractor was for any reason desired, it was proper to make him a defendant. The practice has, in fact, been commended as tending to avoid a multiplicity of actions. (*Giant Powder Co.* v. *San Diego Flume Co.*, 78 Cal. 198.)

It is claimed that neither of the complaints stated a cause of action, because they fail to allege the date of the completion of the building. The particular allegation

objected to is, " that the said building and structure was completed *on or about* the 15th day of February, 1891." Defendant contends that to allege the completion " on or about " such a date is too indefinite and uncertain to amount to an allegation of the fact even as against a general demurrer. Assuming this to be true, the defect was cured by the further allegation that the claim of lien was filed " *within thirty days after the completion of said building and structure.*" The only purpose of alleging the date in question was to show that plaintiffs were within the provision of the statute requiring them to file their claims of lien within thirty days from the date of the completion of the structure or improvement, and this latter allegation meets that requirement.

It is further objected that the demurrer on the ground of uncertainty should have been sustained, because the extent and character of the extra work alleged is not shown. It is sufficient to say that this ruling, if wrong, did not injure appellant, as nothing was allowed or awarded in the decree on account of extra work, and the ruling, therefore, does not afford ground of complaint.

2. The memorandum of contract filed in the recorder's office was wholly insufficient. It did not contain " a statement of the general character of the work to be done," as required by the statute. It recites that Ecker, the contractor, is to furnish the material and labor for the erection of " a one-story brick building, and all work mentioned in the specifications in connection therewith, in a workmanlike manner, and in conformity with the plans, drawings, and specifications for the same made by the construction committee of said company," etc. But the plans, drawings, and specifications referred to for the character of the work are neither set out nor filed in the recorder's office, nor is there any attempt to state their contents or character in the memorandum. This did not comply with the statute, and the lower court was right in holding the contract void on that ground. (*Yancy* v. *Morton,* 94 Cal. 561; *Willamette Co.* v. *Los*

*Angeles College Co.,* 94 Cal. 235; *Butterworth* v. *Levy,* 104 Cal. 506.)

The other points do not require special mention; we have examined them and are satisfied they are without merit.

The judgment and order are affirmed, and the court below is directed to allow respondents, as a part of their costs of appeal, a reasonable fee for the services of their attorneys in this court.

GAROUTTE, J., and HARRISON, J., concurred.

Hearing in Bank denied.