[Sac. No. 1485.    Department One.—September 3, 1908.]

## J. H. BURNETT et al., Respondents, v. FRANK GLAS, JR., et al., Appellants.

Mechanics' Liens—Invalid Contract—Failure to File Plans and Specifications.—Where a building contract specifically refers in its description of the work to be done to the plans, drawings, and specifications, the same constitute a part of contract, and must. be filed with it in the recorder's office, in order to constitute a filing of the contract within the meaning of the requirement of section 1183 of the Code of Civil Procedure. This is true even though. the contract itself does not refer to them as being annexed, but. refers to them as being kept in the architect's office, or in some other place. A failure to comply with this requirement, when the contract as contradistinguished from a memorandum thereof is.

filed, renders the contract void, and labor done and materials furnished by all persons except the contractor are deemed to have been done and furnished at the personal instance of the owner, and such persons are entitled to a lien for the value thereof.

ID.—FAILURE TO RESERVE ADEQUATE AMOUNT OF CONTRACT PRICE AFTER COMPLETION.—A provision in a building contract reserving the payment of only twenty per cent of the contract price for thirty-five days after the completion of the building is not a compliance with section 1184 of the Code of Civil Procedure, which requires the reservation of at least twenty-five per cent. Such a departure from the requirement of the statute subjects the property to liens in favor of those doing labor or furnishing materials to the same extent that it would have been had there been no contract, and the labor and materials had been furnished at the personal instance and request of the owners.

ID.—PARTNERSHIP AS CLAIMANT—MEMBER OF FIRM AS SURETY ON CONTRACTOR'S BOND.—A partnership is not barred from asserting a claim of lien on a building for materials furnished by it, merely because one of the partners, solely in his individual capacity, was a surety on the contractor's bond and had guaranteed the delivery of the building free of liens.

ID.—PRIORITY BETWEEN LIEN AND MORTGAGE—COMMENCEMENT OF FURNISHING MATERIALS.—Under section 1186 of the Code of Civil Procedure, in cases where there is no valid contract between the owner and the contractor, the priority of the liens is to be determined "by the time the work was done, or the materials commenced to be furnished," and the lien of a materialman who commenced to furnish materials to the building prior to the execution of a mortgage on the property is entitled to priority over the mortgage.

ID.—FORECLOSURE OF LIENS—MORTGAGE NOT YET DUE—APPLICATION OF PROCEEDS OF SALE.—In an action to foreclose mechanics' liens, some of which are superior and some inferior to a mortgage on the property which is not yet due, the court by its decree may direct the property to be sold, and the proceeds of the sale applied first to pay the prior liens, and the residue applied first to the payment of the mortgage and then to the inferior liens.

ID.—PARTIAL DISMISSAL OF CLAIM FOR PARTY WALL.—In such an action, the dismissal of a part of the claim of lien of a materialman as to the amount claimed on account of a party wall, without prejudice to his rights to maintain proper proceedings against the parties personally liable therefor, is without prejudice to the owner.

ID.—INTEREST ON AMOUNT OF CLAIM—CERTAINTY OF CLAIM.—Where the amount due a lien claimant is so fixed by agreement that it may be made certain by calculation, interest thereon is properly allowed prior to judgment in an action to foreclose the lien. The lien which the statute gives is as extensive as the claim which it is intended

to protect. Such construction of the statute does not render it unconstitutional.

ID.—CLAIM FOR UNLIQUIDATED AMOUNT.—Where the amount due a materialman is unliquidated and not capable of being made certain by calculation until fixed by the judgment, interest prior to judgment cannot be allowed.

ID.—ATTORNEYS' FEES NOT ALLOWABLE.—Attorneys' fees cannot be allowed the plaintiff in an action to foreclose a mechanics' lien. Section 1195 of the Code of Civil Procedure, purporting to authorize such allowance, is unconstitutional.

APPEAL from a judgment of the Superior Court of Madera County. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

W. H. Larew, for Appellants.

F. A. Fee, L. L. Cory, and Stanton L. Carter, for Respondents.

ANGELLOTTI, J.—This is an appeal by defendants, the owners of a lot of land in the town of Madera, 77½ feet on Yosemite Avenue by 150 feet in depth on C Street, from a judgment given in several actions for the foreclosure of the liens of certain mechanics and materialmen arising in and about the construction of a building on said land, which actions were consolidated under section 1195 of the Code of Civil Procedure, and tried as one action.

The findings show the material facts to be as follows: On November 9, 1903, the appellants as owners, entered into a written contract with one W. J. Sircy, as contractor, for the erection on said land of a one-story and basement brick store building, the contractor agreeing therein "to furnish the necessary labor and materials . . . and perform and complete in a workmanlike manner, all the brick work, iron work, plastering and carpenter work and other works shown and described in and by and in conformity with the plans, drawings and specifications for the same, made by Julien Mourot, the authorized architect employed by the owner, and are signed by the parties hereto, and are to be kept and remain in the office of said architect subject to the inspection of the parties hereto and others concerned in said erection." In the

contract it was further provided that said building was to be a "one-story and basement brick store building with corrugated galvanized iron roof, said building to be 77' 6" x 80 ft." It was expressly found that the plans, drawings, and specifications mentioned in said contract were a material, important, and necessary part thereof, and this conclusion was manifestly correct. The plans, drawings, and specifications were never filed in the county recorder's office. The remainder of the contract was so filed on November 19, 1903. According to the terms thereof, the consideration of $7320 was to be paid in five installments of $1464 each, the fourth installment to be paid when the building was completed and accepted, and the last installment, which was only twenty per cent of the whole contract price, was to be retained for thirty-five days after completion. On November 17, 1903, the contractor gave a bond upon said contract, with M. R. Madary and C. J. Craycroft as sureties, by which the sureties guaranteed the performance of said contract, and the delivery of the building free of liens. Work was commenced by the contractor in November, 1903, and continued to December 24, 1903, when a further written agreement was entered into by appellant and Sircy, whereby Sircy agreed to construct for $1318 a second story to said building, the same to be paid when "the story is up ready for the ceiling joists." This writing was never filed in the county recorder's office. The work was continued under these two writings to April 9, 1904, when the building was completed and delivered to and accepted by the appellants. Appellants have paid on account of the contract price $7,387.50, leaving in their hands a balance of $1,250.50. The various lien claimants whose liens were allowed by the trial court, furnished to the contractor materials to be and which were used in the construction of said building, or performed labor thereon, as follows: J. H. Burnett furnished materials at an agreed price,—namely, $300. J. A. Sircy, whose claim was assigned to plaintiff, Barrett-Hicks Co., a corporation, performed labor at an agreed price of $3.50 per day, to the extent of $86.70. J. A. Dyer furnished materials under contract with the contractor, for which the contractor agreed to pay "the reasonable market price thereof from time to time as the same were furnished and as the work on said building progressed," the amount of his allowed claim therefor being

$585.45. J. A. Dyer and C. J. Craycroft, copartners, under the name and style of J. A. Dyer, furnished the contractor, under contract with him, brick at a fixed price per thousand brick, to be paid for as the same were placed in the building, the balance of their claim, which was allowed, being $717.65. Watkins & Thurman furnished materials "to be paid for at the regular and usual market price, in cash upon delivery of the same," such price being found to be $276.64. The claims of lien of these parties were all filed for record in the office of the county recorder of Madera County within the proper time, and were all in proper form. In the claim of Watkins & Thurman so filed there was included separately a claim for an amount due them in addition to the $276.64, for one half the cost of constructing a party wall, and as to this the court found they should be paid by the other owners of the party wall and were not entitled to a lien against appellants' property. It, however, found that such claim was made without any wrongful intent, but with an honest belief that they were entitled to a lien for the amount. This finding is not attacked. On November 17, 1903, appellants borrowed from defendant Commercial Bank of Madera, the sum of eight thousand dollars, and gave their mortgage covering said property to secure payment thereof, with interest at eleven per cent per annum. This mortgage was duly recorded on the day of its execution. As appears from the mortgage introduced in evidence, the note given for this loan was dated November 19, 1903, and was payable "five years after date." The mortgagee appeared in the actions, and in its answers set up said mortgage, alleged that "no part of the principal sum mentioned . . . has been paid," that the same with interest is wholly unpaid, and is a valid and first lien on said property, but it did not ask foreclosure of its lien. The interest on this note was paid to May 19, 1905. The court found that claimants J. A. Dyer and Dyer & Craycroft both commenced to furnish the materials furnished by them respectively on November 13, 1903, a date prior to the attaching of the lien of defendant bank's mortgage. This finding is not attacked. The other liens were confessedly subject to said mortgage. There were claims of lien on behalf of some other parties which were rejected by the trial court, but these parties have not appealed, and that matter is immaterial here.

It was further found that of said land on which the building was constructed, the amount necessary for the convenient use and occupation of the building was 77½ feet on Yosemite Avenue by 100 feet in depth on C Street. This finding is not attacked.

The trial court concluded upon these facts that the contract between the appellants and Sircy was void for failure to comply with the provisions of sections 1183 and 1184 of the Code of Civil Procedure, and that under the terms of said sections the labor done and materials furnished by the claimants must be deemed to have been done and furnished at the personal instance of the appellants, and they were entitled to a lien therefor, regardless of the amount due from appellants to the contractor. It found the amounts due such claimants, allowing interest on all the claims prior to judgment, and also attorney fees. Judgment was given accordingly, directing the sale of the portion of the lot found to be necessary for the convenient use and occupation of the building, and the building thereon, and the application of the proceeds as follows, viz.: 1. To the payment of the costs, etc., of sale; 2. To the payment of the amounts due claimants J. A. Dyer and Dyer & Craycroft; 3. To the payment of the amount of the mortgage lien of defendant the Commercial Bank of Madera, being eight thousand dollars, with interest from May 19, 1905; 4. To the payment of the amount due on claim of J. A. Sircy (held by plaintiff Barrett-Hicks Co.) ; 5. To the payment of the amounts due on the claims of Watkins & Thurman and J. H. Burnett; and 6. Any surplus remaining after such payments to be delivered to the appellants. It was further adjudged that the cause of action of Watkins & Thurman for the amount claimed on account of the party wall be dismissed without prejudice to their right to maintain proper proceedings against the persons liable to collect the amount due thereon.

From this judgment the owners alone appeal.

1. It cannot be doubted, in view of our decisions, that the trial court was justified in its conclusion that by reason of the failure of the parties to the building contract to substantially conform to the requirements of sections 1183 and 1184 of the Code of Civil Procedure, parties doing labor or furnishing materials must be deemed to have done and furnished

the same at the personal instance and request of the owners, and were entitled to a lien for the value thereof.

The plans, drawings, and specifications must be held to have constituted an essential part of the written building contract. Where this is so, it is firmly established by our decisions that they must be filed in the county recorder's office with the contract in order to constitute a filing of the *contract* under section 1183 of the Code of Civil Procedure.ʹ This is true even though the contract itself does not refer to them as being annexed, but refers to them, as in the case at bar, as being kept in the architect's office or in some other place. (See *Pierce* v. *Birkholm,* 115 Cal. 657, [47 Pac. 681] ; *Holland* v. *Wilson,* 76 Cal. 434, [18 Pac. 412] ; *San Francisco L. Co.* v. *O'Neill,* 120 Cal. 455, [52 Pac. 728] ; *West Coast L. Co.* v. *Knapp,* 122 Cal. 79, [54 Pac. 533] ; *Woods* v. *Oakland & B. Transit Co.,* 107 Cal. 500, [40 Pac. 806] ; *Dunlop* v. *Kennedy,* 102 Cal. 443, [36 Pac. 765] ; *Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 229, 233, [29 Pac. 629].) Where there is a failure to comply with the requirement as to filing, the section in terms provides that the contract "shall be wholly void," and that "the labor done and materials furnished by all persons aforesaid, except the contractor, shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." This penalty has been uniformly enforced by the courts, and there can now be no question as to the validity of the provision. The statute now permits a memorandum of the contract containing certain matters to be filed in lieu of the contract, but it is not claimed or pretended that any memorandum was filed or attempted to be filed. The case of *Joost* v. *Sullivan,* 111 Cal. 294, [43 Pac. 896], relied on by appellants, was a case where a memorandum was filed, and this memorandum contained no reference to any plans and specifications, and did not even disclose the fact that there were plans and specifications. It did comply with the requirements of section 1183 of the Code of Civil Procedure, as to such a memorandum, and was held sufficient. In the case of *Willamette etc. Co.* v. *Los Angeles College Co.,* 94 Cal. 234, [29 Pac 629], speaking of the amendment allowing the filing of a memorandum in lieu of the contract, the court says: "After this amendment was made, the owner or the contractor could

satisfy the statute by filing either the contract or such memorandum; but if he filed the contract, he must still file the whole of it, including the drawings and specifications, if they were made a part thereof; while if he preferred to file the memorandum, such memorandum must contain all the matters which are prescribed in the statute as the equivalent of the contract."

There was also a substantial departure from the provisions of section 1184 of the Code of Civil Procedure, which requires that "the contract price shall, by the terms of the contract, be made payable in installments at specified times; . . . provided that at least twenty-five per cent of the whole contract price shall be made payable at least thirty-five days after the final completion of the contract." Here, as has been seen, under the terms of the contract, only twenty per cent of the original contract price was to be so retained. It has always been recognized by this court, in line with the express declaration of the section, that where there is a substantial departure in the contract from the provisions as to the times of payment and the reservation of at least twenty-five per cent of the contract price for at least thirty-five days after the completion of the building, the property is subject to liens in favor of those doing labor or furnishing materials to the same extent that it would have been had there been no contract, and the labor and materials had been furnished at the personal instance and request of the owners. (See *Willamette etc. Co.* v. *Los Angeles College Co.*, 94 Cal. 235, [29 Pac. 629] ; *Yancy* v. *Morton*, 94 Cal. 558, [29 Pac. 1111]; *San Diego L. Co.* v. *Wooldredge*, 90 Cal. 574, [27 Pac. 431]; *Brill* v. *DeTurk*, 130 Cal. 241, [62 Pac. 462].) In the recent case of *Merced Lumber Co.* v. *Bruschi*, 152 Cal. 372, 92 Pac. 844, this matter was considered at length, and the rule of the section applied in a case where by the terms of the contract no part of the contract price was to be retained after the completion of the work.

2. It is contended that claimants Dyer and Craycroft, as copartners, were not entitled to a lien by reason of the fact that C. J. Craycroft, one of said partners, was a surety on the bond given by the contractor to the owners, as hereinbefore noted. This fact was alleged by way of defense in the answer of appellants to the complaint of Dyer & Cray-

croft, as copartners, with the further allegation that said Craycroft was indebted to appellants on said bond in the sum of two thousand dollars, but there was no allegation tending to show that Craycroft in executing said bond acted other than in his individual capacity, or on account of said partnership, or with the knowledge or assent of his copartner, Dyer. In the absence of any evidence on the subject other than the bond itself, which is the condition appellants claim is shown by the record, the trial court was warranted in concluding that Craycroft became a surety on said bond in his individual capacity, and not on account of said copartnership, and without any relation thereto or connection therewith. It has been held that a surety on a building contractor's bond who has guaranteed the delivery of the building free of liens cannot enforce a lien against the building (see *Ganahl* v. *Weir*, 130 Cal. 237, [62 Pac. 512]; *Blyth* v. *Robinson*, 104 Cal. 239, [37 Pac. 904]; Boisot on Mechanics' Liens, sec. 753), but we do not understand that the partnership firm of which such a surety may be a partner is necessarily barred from a lien for materials furnished by it, especially where the surety does not assume to act in his capacity as a member of the firm. "If a partner does an act for a purpose which is apparently not connected with the firm's ordinary course of business, he is not acting in pursuance of any apparent authority, and the firm will not be bound unless such partner in fact had authority or unless his unauthorized act so performed is subsequently ratified. . . . The burden of proving such authority is on the creditor." (22 Am. & Eng. Ency. of Law, p. 114. See, also, 1 Bates on Law of Partnership, secs. 452-454, and 349, 350; Parsons on Partnerships, secs. 83, 144.) We are of the opinion that the record discloses no reason why the firm is barred from its right of lien by reason of Craycroft's presence on the bond as a surety. The remedy of appellants against Craycroft for any breach of the bond is to be found elsewhere.

3. It is contended by appellants that the liens of claimants J. A. Dyer and Dyer & Craycroft should not have been held to be paramount to the mortgage of the bank. Assuming that appellants have some interest in this matter, it is clear on the record that the contention is not well founded. The findings showing that the materials furnished by these claim-

ants under contract with the contractor were commenced to be furnished several days prior to the giving of the mortgage are not attacked. Under section 1186 of the Code of Civil Procedure, in cases where there is no valid contract between the owner and the contractor, the priority of the liens is to be determined "by the time the work was done, or the materials commenced to be furnished." (*McClain* v. *Hutton*, 131 Cal. 144, [61 Pac. 273, 63 Pac. 182, 622].)

4. A question, new in this state, is presented by the fact that the decree requires the payment from the proceeds of the sale of a debt of appellants secured by mortgage on the premises, although the note evidencing such indebtedness is not yet due and payable. As already noted, the mortgagee has not appealed, and we are therefore not concerned with any question as to a violation of its right under the note and mortgage. The appellants claim their rights are violated by such a course. It is apparent that, under the circumstances of this case, it was essential to the protection of the respective rights of the various lienors, including the mortgagee, that the property should be sold for the purpose of paying all liens existing thereon. If all the mechanics' liens had been paramount to the mortgage, or if all had been subject thereto, the case would have been very different, and appellants might well have insisted that no provision be made in the decree for the payment of the mortgage. In the first case, the mortgagee would have to redeem from the lien sale to preserve its claim, and in the second case, the property would be sold subject to the mortgage. But here we have certain liens which have priority over the mortgage, and certain others which are subject thereto, and all the claimants are entitled under the statute to a judgment for the sale of the entire building with so much land as is necessary for its convenient use, that the proceeds may be applied so far as applicable to the payment of their respective liens. Learned counsel for appellants has not pointed out any practicable way other than that adopted by the trial court by which this could be accomplished. There must be a sale under such terms as to preserve the relative rights of all the parties to the action having liens on the property. This, we think, our statute clearly contemplates, and if, in order to accomplish this, it is absolutely necessary to pay certain debts not yet due which

constitute liens on the property, we entertain no doubt as to the power of the court to make such provision in such a manner as may be equitable. In such a case, the debtor and mortgage creditor must be deemed to have acted subject to the contingency that such a disposition may be necessary, and the debt, therefore, required to be paid from the proceeds of the sale of the property before it becomes due, there being a rebate of interest allowed whenever such a rebate is proper. The case is somewhat similar to that of the foreclosure of a mortgage payable in installments which are not all due, and the court is authorized, where the property cannot be sold in portions without injury to the parties, to order the whole of it sold in the first instance, and the entire debt and costs paid, with rebate of interest where proper. (Code Civ. Proc. sec. 728.) In Boisot on Mechanics' Liens, section 663, it is declared that where some liens are superior to a mortgage and also to other liens, and the rest are inferior to the mortgage, the decree should provide that prior claimants should be paid as if there were no mortgage, and the residue applied first to the mortgage and then to the inferior liens, citing *Choteau* v. *Thompson,* 2 Ohio St. 114. That was exactly the procedure here. In *Croskey* v. *Northwestern Mfg. Co.,* 48 Ill. 481, it was held that in a suit to enforce mechanics' liens, the decree might direct a sale of the premsies in fee, though a mortgage thereon is not then due, and the application of the proceeds to the liens and mortgage according to their respective rights of priority. (See, also, *North Presbyterian Church* v. *Jevne,* 32 Ill. 214, [83 Am. Dec. 261]; *Grundeis* v. *Hartwell,* 90 Ill. 324; *Craig* v. *Herzman,* 9 N. Dak. 140, [81 N. W. 288]; *Kahler* v. *Carruthers,* 18 Tex. Civ. App. 216, 223, [45 S. W. 160].)

5. There was nothing prejudicial to appellants in the dismissal of the claim of Watkins & Thurman as to the amount due on account of the party wall, without prejudice to their rights to maintain proper proceedings against the parties personally liable therefor.

6. In both their opening and closing briefs, appellants concede the rights of all the lien claimants, except J. A. Dyer and Watkins & Thurman, to the interest allowed by the trial court, if their liens should be sustained. This concession was warranted by the authorities, it being settled that where the

amount is so fixed by agreement that it may be made certain by calculation, interest may be allowed prior to judgment. (*Hines* v. *Miller,* 126 Cal. 683, [59 Pac. 142]; *Macomber* v. *Bigelow,* 126 Cal. 9, [58 Pac. 312], and cases there cited.) The claims of all except J. A. Dyer and Watkins & Thurman were of this character. In *Pacific Mutual etc. Co.* v. *Fisher,* 106 Cal. 233, [39 Pac. 758], it was said, in holding the claimants entitled to interest under such circumstances, that the lien which the statute gives is as extensive as the claim which it is intended to protect. This construction of our statute does not render it unconstitutional, as is suggested for the first time in the petition filed herein for a rehearing after decision by the district court of appeal.

7. We are of the opinion that the claim of appellants that claimants Dyer and Watkins & Thurman were not entitled to interest prior to judgment is well founded. As to each of these claims, the amount due was unliquidated and not capable of being made certain by calculation until fixed by the judgment. The rule applied to such claims in *Macomber* v. *Bigelow,* 126 Cal. 9, [58 Pac. 312], namely, that interest prior to judgment cannot be allowed, was applicable. (See, also, *Stimson* v. *Dunham etc.,* 146 Cal. 285, [79 Pac. 968].) The judgment must be modified in this respect.

8. The learned judge of the trial court, acting in accord with what was the universal practice up to the time he gave judgment herein, allowed each of the claimants an attorney fee. Since the judgment, this court has held section 1195 of the Code of Civil Procedure, which purports to authorize such allowance, to be unconstitutional. (*Builders Supply Co.* v. *O'Connor,* 150 Cal. 265, [119 Am. St. Rep. 193, 88 Pac. 982].) The judgment must also be modified in this respect.

We have now considered all the points made by appellants which require consideration. Some findings that are immaterial are attacked, but so far as the findings are material under our view of the case, they are either not attacked at all, or are fully sustained by the admissions of the pleadings or by the evidence.

It is ordered that the judgment be modified by deducting and striking therefrom the allowance in favor of J. A. Dyer of $61.47 interest, and the allowance in favor of Watkins & Thurman of $29.04 interest, and also by deducting and strik-

ing therefrom each and all of the allowances made for attorney fees to the various claimants, and that, as so modified, the judgment is affirmed.

Appellants shall not recover any costs of appeal as against respondents Dyer & Craycroft, as copartners, Barrett-Hicks Company or J. H. Burnett.

Shaw, J., and Sloss, J., concurred.