'102  443
115  661
102  443
117  472
102  413
d119 182

[No. 15112.  In Bank.—May 14, 1894.]

CHARLES DUNLOP ET AL., RESPONDENTS, v. ALICE KENNEDY ET AL., APPELLANTS.

MECHANICS' LIENS—VOID CONTRACT—FAILURE TO RECORD SPECIFICATIONS —RIGHTS OF LIENORS.—Where a building contract is not filed in the recorder's office, but a memorandum is filed which contains within itself no sufficient statement of the general character of the work to be done, but refers to plans, drawings, and specifications remaining in the office of the architect which are not recorded, the contract is void, and mechanic lienors are entitled to recover the full value of the labor done, and materials furnished, irrespective of the contract price.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*W. H. H. Hart,* and *Nowlin & Fassett,* for Appellants.

*Parker & Eells,* for Respondents.

The COURT.—This action was brought to enforce mechanics' liens. Plaintiffs recovered judgment, and defendants, Alice Kennedy and John F. Kennedy, now appeal from the judgment, and from an order denying a new trial.

The contract was in writing, and in it Gray and Stover contracted with Alice Kennedy, who is the wife of defendant John F. Kennedy, and was the reputed owner of the premises described, to construct a three-story dwelling-house, and to furnish materials for the same. The contract price was $6,600. It was provided that partial payments were to be made in amounts equal to seventy-five per cent of the value of the work done and materials furnished at the time of the payments. Provided, that when each installment became due a certificate should be obtained from the architect of the amount due; and it was made the duty of the architect at said times to deliver such certificate, or to state what defect

had to be remedied to entitle the contractor to it. If the architect failed to deliver the certificate, or give a reason for three days after demand, then the contractor should be entitled to the payment.

The contractors abandoned the work, when, as the trial court found, three-fourths of the work called for had been done. At that time the cost of the work performed and materials furnished was $6,941.86, a sum exceeding the full contract price. If this sum is only seventy-five per cent of what would be required to complete the contract, as the court found, it would be estimated at contract rates as worth $4,950, which would be the value of the work and materials which had then been furnished, estimated as directed in section 1200 of the Code of Civil Procedure. The court found that there had been paid on the contract only $3,000, which, deducted from the estimated value of the materials furnished and work performed, would leave $1,950 to be applied to the payment of liens. This would furnish ample means with which to pay the liens of plaintiffs in full, since other plaintiffs filed no liens.

But appellants claim that the evidence shows that there was more than $3,000 paid. That there was due defendant John F. Kennedy $1,000 for lumber furnished, and that it was agreed that the owner should have credit for that. The specification of the insufficiency of the evidence to sustain the finding, that only $3,000 had been paid, is, in effect, that the evidence shows that, considering the materials on hand, there was sufficient work done to warrant the payment of $4,000, when it was agreed that the owner was entitled to a credit for that sum. But this specification is not sufficient. It does not appear that there was a certificate of the architect to the effect that the contractors were entitled to the payment, nor does it appear that circumstances existed which would entitle the contractors to the payment without such certificate.

But this view is not presented by appellants, nor is it necessary to rely upon it to sustain the judgment. The

contract was not filed in the recorder's office, and the memorandum filed was fatally defective, in that it contained no sufficient statement of the general character of the work to be done.   That part of the memorandum is as follows:

"*Third.*   The general character of the work to be done under said contract is as follows, to wit: The said Gray and Stover, as contractors, agree with the said Mrs. Alice Kennedy, as owner, to furnish the necessary labor and materials, including tools, implements, and appliances required in the execution of the carpenter, painting, plumbing, and cement work; in fact all work specified in the specifications furnished by the within-named architect.   The cement work consists of all work in connection with the new building, such as sidewalk, walkway at westerly side of new building and in the lower rear yard.   Also sidewalk in front of lot adjoining, running easterly forty-two (42) feet, and all walkways and yards in connection with said lot.   Said walkways to be curbed and put in as directed by the owner—said lot runs from Austin street through to Pine street—in a workmanlike manner, in conformity with the plans, drawings, and specifications for the same made by James E. Wolfe, the authorized architect employed by the owner, and which are signed by the parties hereto, and are to be kept and remain in the office of said architect, subject to the inspection of the parties hereto, and others concerned in said erection."

This is manifestly as defective as was the memorandum in *Willamette* v. *College,* 94 Cal. 229; or in the more recent case of *Greig* v. *Riordon,* 99 Cal. 316.   In these two cases the policy of the law is elaborately discussed, and it is unnecessary to repeat the reasoning here.

The contract being void, the lienors were entitled to recover the full value of the materials furnished, irrespective of the contract price.   The other points raised are based upon the supposed contract, which, being void, there is no foundation for the contention of defendants.

The judgment and order are affirmed.