[No. 15573. Department One.—November 23, 1894.]

J. B. BUTTERWORTH, RESPONDENT, *v.* M. B. LEVY ET AL., APPELLANTS.

BUILDING CONTRACT—RECORD OF MEMORANDUM—INSUFFICIENT STATEMENT OF GENERAL CHARACTER OF WORK.—Where the memorandum of a building contract filed with the recorder does not state of what material the building was to be constructed, whether of wood, brick, stone, or iron, but merely describes it as a two-story building of a certain size, to be constructed in a workmanlike manner in conformity with the plans, drawings, and specifications kept and remaining in the office of the architect, no copy of which was inserted in the memorandum or filed therewith, the contract is void upon the ground that the memorandum

does not contain a sufficient statement of the general character of the work to be done.

ID.—Statutory Rights—Void Contract—Object of Record—Notice.— The rights of the parties to a building contract are entirely statutory, and the object of the record is not merely to give notice to subcontractors or lienholders of the existence of the contract, but the express provision of the statute is that if the contract, or a memorandum thereof in accordance with the statute, is not filed with the recorder the contract is void, and the question is not one of mere notice.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*John J. Roche,* for Appellants.

*Boyd, Fifield & Hoburg, Parker & Eells, William H. Jordan,* and *E. H. Wakeman,* for Respondent.

Belcher, C.—The plaintiff and several other parties commenced separate actions to foreclose mechanics' liens on the same property, and all the actions were consolidated and tried together. The defendant Levy was the owner of the property; the defendant Meyers was a mortgagee thereof, and the defendant Dunning was the original contractor. Levy and Meyers answered, and Dunning suffered his default to be entered.

The case was tried and a decree entered foreclosing all the liens, from which and from an order denying a new trial Levy and Meyers appeal.

The contract was to erect a two-story building on a lot in the city of San Francisco, and the contract price was more than one thousand dollars.

The contract was not filed in the recorder's office, and the only question is whether the memorandum thereof, which was filed, was sufficient to meet the requirements of section 1183 of the Code of Civil Procedure.

That section provides as follows: "All such contracts shall be in writing when the amount agreed to be paid thereunder exceeds one thousand dollars, and shall be subscribed by the parties thereto, and the said contract,

or a memorandum thereof, setting forth the names of
all the parties to the contract, a description of the prop-
erty to be affected thereby, together with a statement of
the general character of the work to be done, the total
amount to be paid thereunder, and the amounts of all
partial payments, together with the times when such
payments shall be due and payable, shall, before the
work is commenced, be filed in the office of the county
recorder . . . . otherwise they shall be wholly void,
and no recovery shall be had thereon by either party
thereto; and in such case the labor done and materials
furnished by all persons aforesaid, except the contractor,
shall be deemed to have been done and furnished at the
personal instance of the owner, and they shall have a
lien for the value thereof."

The only objection to the memorandum in question
is that it did not contain a sufficient " statement of the
general character of the work to be done." That state-
ment was in these words:

" 3. The general character of the work to be done
under said contract is as follows, to wit: The said W. R.
Dunning, as contractor, agrees with the said M. B. Levy,
as owner, to furnish the necessary labor and materials,
including tools, implements, and appliances required in
the execution of a two-story building fifty-one feet by
twenty-five feet, and in a workmanlike manner in con-
formity with the plans, drawings, and specifications for
the same made by John Gash, the authorized architect
employed by the owner, and which are signed by the
parties hereto, and are to be kept and remain in the office
of said architect, subject to the inspection of the parties
hereto and others concerned in said erection."

" The plans, drawings, and specifications" for the
building were not filed with the memorandum, nor did
the statute expressly require that they should be. But
without them, or their equivalent, who can tell what
was the general character of the work to be done? Of
what materials was the building to be constructed?
Was it to be wood, brick, stone, or iron?

In *Willamette etc. Co.* v. *Los Angeles College Co.*, 94 Cal. 235, it is said: " Whether the document which was filed in the recorder's office is to be regarded as the original contract, or as a memorandum thereof, is immaterial. A memorandum of the contract can have no higher force than the contract itself, and, if the contract fails to comply with the requirements of the statute, the memorandum itself must be equally insufficient. As a memorandum merely the document so filed was insufficient by reason of its failure to set forth 'a statement of the general character of the work to be done,' the only statement in that regard being that it is to be 'conformable to the drawings and specifications made by R. B. Young, architect, and signed by the parties, and hereto annexed,' and that it is to be 'three stories high.' It does not set forth the materials of which the building was to be constructed, or any item from which its 'general character can be ascertained'; and the reference to the drawings and specifications, . . . . without having the specifications and drawings filed, renders the document as ineffective for a memorandum as for the contract itself."

And in *Greig* v. *Riordan*, 99 Cal. 320, it is said: "'The plans, drawings, and specifications' in conformity with which the work was to be done were not filed with the contract. They constituted, so far as the 'general character of the work to be done' was concerned, the very soul and essence of the agreement. Without them the dimensions and character of the work cannot be determined. Whether it was to be composed of iron, stone, brick, or wood we cannot tell. A contract to construct a church, build a house, or sink a shaft would be just as definite as the one in question. . . . . If we view the contract in the light of a memorandum, the same objections are apparent and equally fatal."

It is urged for appellant that "the object of the statute in requiring the contract or a memorandum to be filed is evidently to afford notice to all concerned of the nature, etc., of the work." And counsel say: "All the

parties had notice of the particular fact that the plans and specifications were at the office of John Gash, the architect of the building, open and subject to their inspection. Plainly, by prosecuting the inquiry and going to the architect's office, the full nature and contents of the plans and specifications would have been disclosed. No one can be heard to complain of lack of knowledge which could only be the result of his own remissness, willful neglect, and intentional blindness."

The obvious answer to this position is, that the rights of the parties are entirely statutory, and the statute declares that if a proper contract or memorandum is not filed the contract is void.

In *Kellogg* v. *Howes*, 81 Cal. 179, a similar point was raised, and the court said: "As to the contention that the fact that respondents had actual notice of the existence of a contract was equivalent to the filing of the same in the recorder's office, this would be so if the question were one of notice. But it is not. The express provision of the statute is that if the contract is not filed it shall be void. This being so, there is, in fact, no contract of which the subcontractor is bound to take notice, and his knowledge that a contract was attempted to be made, but was not, cannot affect his rights."

In view of the foregoing decisions we think it must be held that the court below rightly found that no sufficient memorandum was filed, and that the claims of the plaintiffs were therefore valid liens on the property sought to be charged therewith.

We advise that the decree and order appealed from be affirmed.

SEARLS, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion the decree and order appealed from are affirmed.

HARRISON, J., VAN FLEET, J., GAROUTTE, J.