BLYTH et al. v. TORRE et al.

No. 15,526; December 14, 1894.

38 Pac. 639.

**Mechanics' Liens.**—A Memorandum of a Contract for a building costing over $1,000, filed in the recorder's office, in which the only description of the property and of the work to be done is that "the building is to be a frame building," is fatally defective.

**Mechanics' Liens.**—A Materialman is not Estopped from enforcing his lien because he is on the contractor's bond to the owner to secure him from loss on account of the default or negligence of the contractor.[1]

APPEAL from Superior Court, City and County of San Francisco; J. C. Hebbard, Judge.

Consolidated action by Henry Blyth and others against Luigi Torre and others to foreclose mechanics' liens. From the judgment, plaintiff Blyth appeals. Reversed.

E. H. Wakeman for appellant; Tilden & Tilden and McGee & Cavagnaro for respondents.

GAROUTTE, J.—This action is brought to foreclose a number of mechanics' liens, and Henry Blyth appeals from the judgment. A written contract was entered into between Luigi Torre and Antonio Raffo, the owners of certain land, and a contractor, Gardiner, for the erection of a building thereon. The contract was for an amount in excess of $1,000, and was not filed in the recorder's office, but a memorandum

---

[1] Cited in Sanders v. Keller, 18 Idaho, 590, 111 Pac. 351, where the court say: "It is a well-established rule of law that the surety for a contractor on a building contract cannot maintain his action for the foreclosure of a lien for materials furnished where the full contract price has been paid to the contractor."

Cited in Barrett-Hicks Co. v. Glas, 9 Cal. App. 496, 99 Pac. 864, where the court called attention to the fact that in the former case there had been no answer to the complaint setting up the giving of the bond by the plaintiff, whereas the giving of the indemnity bond had been set up by the answer, in the latter case, thus marking a distinction between the two cases.

thereof was so filed. The contractor failed to pay the laborers, materialmen, etc., and this action was brought by various lien claimants. Blyth, appellant, as the assignee of Blyth and Trott, materialmen, is a party plaintiff. His claim for relief, as evidenced by his complaint, is based upon the idea that the memorandum of contract filed in the county recorder's office is void in failing to contain those matters required by the statute. It is alleged that it neither contains a statement of the general character of the work to be done nor does it describe the property to be affected. The defendants, by their answer, claim the sufficiency of the memorandum, and as an affirmative defense allege that plaintiff Blyth was a surety upon the contractor's bond in the sum of $1,900, and by the terms of which bond he guaranteed that the contractor would faithfully perform the conditions of his contract, and that he would save and keep these defendants safe and harmless from all liens that might be filed on account of any claim against the contractor, not exceeding the sum of $1,900. Defendants further allege that liens in large amounts had been filed against the building, and by reason of the conditions of the bond aforesaid plaintiff was estopped from filing, asserting, or enforcing any lien against the property. The trial court held the memorandum of contract sufficient in law, and also held that plaintiff was estopped from prosecuting this action for a foreclosure of his lien, upon the grounds relied upon by defendant. The action was a consolidated action, and other lien claimants recovered judgment, but their interests are not here involved. We think the memorandum of contract fatally defective in attempting to state the general character of the work to be done. As a compliance with this provision of the statute the memorandum says: "The building is to be a frame building." While the law requires no description in detail of the general character of the work to be done, still it requires more than is here found. This statement is too general. To say that the building is to be a stone building or a brick building or a frame building entirely fails in essentials to give that notice to the public which the law contemplates. By consulting the memorandum of contract it would be impossible to say whether the building is to be a diminutive cottage, or a large public caravansary, or whether the contract

price is at all in proportion to the character of the building to be erected. In Willamette Steam Mills etc. Mfg. Co. v. Los Angeles College Co., 94 Cal. 235, 29 Pac. 629, it was held that a memorandum of contract describing the building as "three stories high" is void; likewise a "two-story building, 51 by 25": Butterworth v. Levy, 104 Cal. 506, 38 Pac. 897. See, also, Dunlop v. Kennedy, 102 Cal. 443, 36 Pac. 765.

We think the lower court's position unsound as to the estoppel. The necessary facts to constitute an estoppel do not arise in this case. Plaintiff has a cause of action which he is entitled to litigate, and this bond, given .to the owner to secure him from loss against the default or negligence of the contractor, in no way bars him from coming into court with his cause of action. The bond is simply to indemnify the owner against damage, and until his damage has been alleged and proven in some appropriate action it can avail him nothing. If he has not been damaged, he has no right of action upon the bond; and, if no right of action upon it, it is valueless to him, even for the purpose of an estoppel. The case appears to have been considered as though the presentation of the bond in open court at the trial ipso facto estopped plaintiff from taking any other step in the prosecution of his action, and this, too, regardless of the amount of the bond, as compared either to the amount of plaintiff's claim or the amount of defendants' damage. If defendants' damage is nothing, or trifling in amount, plaintiff should not be deprived of all remedy; or, if plaintiff's indemnifying bond is trifling in amount, as compared to his claim of lien, the doors of the courts should not be shut against him. In other words, the principle of estoppel is not involved, but it is rather a question of a cross-complaint or setoff. The defendants, in answer to plaintiff's action to foreclose his lien, may set out the bond, prove their damage, and establish plaintiff's liability thereon, and the rights of both parties be thus fully and equitably adjudged. Such was the course pursued in Blyth v. Robinson (Cal.), 37 Pac. 904, and such is undoubtedly the proper course. For the foregoing reasons the judgment is reversed and the cause remanded.

We concur: Harrison, J.; Van Fleet, J.