[S. F. No. 1822. Department One.—April 27, 1901.]

## D. B. McDONALD et al., Respondents, v. JOHN HAYES et al., Appellants.

BUILDING CONTRACT—MEASURE OF OWNER'S LIABILITY—ABANDONMENT BY CONTRACTOR.—A valid contract to construct, alter, or repair a building is the measure of the owner's liability; and if the contractor abandons the contract before the completion of the work, the owner's liability to claimants of liens, by persons other than the contractor, is fixed and determined by the rule expressed in section 1200 of the Code of Civil Procedure.

ID.—ABANDONMENT OF CONTRACT—FINDING—ENTIRE CESSATION OF WORK WITHOUT COMPLETION.—A finding that the contractor entirely ceased labor on the building, without completing the building, shows an abandonment of the contract by the contractor, before

completion, within the meaning of section 1200 of the Code of Civil Procedure.

ID. — CESSATION OF WORK FOR THIRTY DAYS — " COMPLETION " AS TO FILING OF LIENS — COMPLETION BY OWNER — RIGHTS OF LIEN-HOLDERS. — Though cessation of the work for a period of thirty days is deemed a " completion " of the building, for the purpose of entitling the lien-holders to file their liens and to foreclose the same, yet where such cessation is the fault of the contractor, and the owner afterwards completes the work provided for in the valid contract, at greater expense than the remainder of the contract price, the lien-holders are not entitled to liens for the full amount due them from the contractor, limited only by the full contract price, less payments made to the contractor, but the aggregate amount of their claims is limited by the rule established in section 1200 of the Code of Civil Procedure, and they are entitled only to a *pro rata* share thereof.

ID. — EVIDENCE — EXTENT OF LIABILITY — ERRONEOUS RULING — REVIEW UPON APPEAL. — The exclusion of evidence to show the extent of the liability of the owner, measured by the rule stated in section 1200 of the Code of Civil Procedure, was an error of law; and such error may be reviewed upon a bill of exceptions, upon appeal from the judgment and from an order denying a new trial, and is not affected by the fact that the appeal from the judgment was not taken within sixty days.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion.

Leon Samuels, for Appellants.

William H. Jordan, for Respondents.

HAYNES, C. — Action to foreclose mechanic's liens in favor of the several plaintiffs, who had judgment foreclosing each of their several liens, and defendants Esther Attell and Seymour Attell appeal from the judgment and from an order denying a new trial. Hayes did not answer.

Esther Attell is, and was, the owner of a house and lot in the city of San Francisco, and on November 21, 1896, entered into a written contract with defendant Hayes to make certain alterations and repairs upon the building upon said lot. This contract was duly recorded before the work was commenced, and no question is made as to its validity. Hayes was to receive for the work and materials $2,200, to be paid in install-

ments,— the first two of $415 each; the third, $400; the fourth, $420; and the last, $550, to be paid thirty days after completion,— the time for the payment of the first four installments being fixed by specified conditions of the work. Hayes entered upon and pursued the work in accordance with the contract until he had earned and received the first and second installments, amounting to $830, and on January 27, 1897, in the language of the finding, "he entirely ceased labor thereon without completing said building"; and the court further found that from and after that date no work of any kind was done thereon until March 27, 1897. Plaintiffs regarded the cessation of work for thirty days "as a completion of the building," and thereupon filed their several claims of lien, for the foreclosure of which this action is prosecuted.

The answer of Mr. and Mrs. Attell affirmatively alleged the contract with Hayes, the work done under it, the payments made; that he failed and neglected to proceed further with the work; that on January 18th he was notified, in writing, to supply material and workmen sufficient to complete the contract within the time limited therefor, or the owner would furnish them and proceed to finish the work, and deduct the reasonable cost thereof from the contract price; that he failed and refused to proceed further with the performance of his said contract, and that all labor ceased on said building and under said contract until the 27th of March, 1897, when a contract was made with D. R. Perry to furnish the necessary material and labor to complete the building according to the plans, specifications, and drawings set forth in the contract made with Hayes; that Mrs. Attell paid Perry for such completion of the building, $1,500, which was the reasonable value thereof; that she had paid Hayes the first and second installments under his contract, amounting to $830; that the value of the labor and materials done and furnished by Hayes, including materials then actually delivered, estimated by the standard of the whole contract price, was the sum of $1,150, and that no more than $120, if any sum at all, is applicable to the payment of the lien claimants,— and offered to deposit said sum in court for distribution by the court to them.

Upon the trial, defendants called as a witness Thomas A. Peters, who testified that he was a contractor and builder; that he knew the building in question, and examined it after Hayes ceased work; that he also examined the contract, and

was familiar with its terms and conditions, and the plans and specifications. No question was made as to his competency. He was then asked the following question:—

"Taking the building in the condition it was left by Hayes when all work thereon by or under him ceased, and including all materials then delivered or on the ground, at what figure did you estimate the cost of completing said building according to the plans and specifications set forth in said contract with Hayes?"

"*Mr. Jordan.*—I object to the question, that it is immaterial and irrelevant, unless it appears that there was no cessation of work on said building for a period of thirty days after Hayes had ceased work thereon."

The objection was overruled provisionally, and the witness answered: "Fifteen hundred dollars. Hayes had not completed half of the building when he ceased work." And in reply to another question, to which the same objection and same ruling were made, he answered that fifteen hundred dollars was the reasonable cost. Mr. Jordan then moved to strike out both answers, "on the ground that it did not appear that there was not a cessation of work on said building for a period of thirty days after January 27, 1897." This motion was granted, and defendants excepted.

Other witnesses were called by defendants, and apt questions put to ascertain the value of the work and materials done and furnished by Hayes, including material upon the ground not used, estimated by the standard of the whole contract price of two thousand two hundred dollars, and what would be the reasonable cost of completing the building according to the plans and specifications of the Hayes contract; to all of which the objection was made, "that it is immaterial and irrelevant what the value of such work and materials is, unless work on said building did not cease for a period of thirty days after January 27, 1897"; and these objections were all sustained by the court, and defendants excepted to each ruling.

The same question is also made and clearly presented by an amendment made to the complaint, by striking out the allegation that the contractor "abandoned" the work on January 27, 1897; that the value of all the work done and materials furnished and used or on hand at the time of the abandonment was about $1,800; that the first and second

payments, amounting to $830, had been paid, leaving due and unpaid from defendants to Hayes, at the date of abandonment, $970,— and inserting in lieu thereof the following: "That all work ceased upon said building, as plaintiffs are informed and believe, upon the twenty-seventh day of January, 1897, and that no labor was done upon said building whatsoever subsequent to said twenty-seventh day of January, 1897, for a period of more than thirty days, and until after the twenty-sixth day of February, 1897."

The objections to the testimony offered by defendants, and the above amendment to the plaintiff's complaint, are based upon the last clause of section 1187 of the Code of Civil Procedure, which is as follows: " Cessation from labor for thirty days upon any contract, or upon any building, improvement, or structure, or the alteration, addition to, or repair thereof, shall be deemed equivalent to a completion thereof for all the purposes of this chapter."

It is not alleged nor in any manner contended that the contractor ceased work or abandoned the contract because of any fault of appellants, or of any violation of the contract by them, and therefore there was not, at the date of his cessation from the work, or at any time afterward, any indebtedness or liability on the part of appellants to the contractor; but it is contended, that because appellants did not resume work within thirty days after the contractor ceased, they are liable to respondents, who furnished materials to the contractor, to the full amount of the contract price remaining unpaid, notwithstanding appellants were compelled to finish the work at an expense which, added to the payments made to the original contractor in accordance with the contract, exceeded the contract price. This contention cannot be sustained. If that were the law, it would work a monstrous injustice to the owner who had in all respects complied with the requirements of the law and of his contract, and who, notwithstanding such compliance, would be at the mercy of a defaulting contractor, who could thus pocket the partial payments specified in the contract, and, without paying for the material purchased and used in earning the installments paid, enable the material-man who had contracted with him to be paid out of the installments, to enforce payment from the owner, with whom he had no contract relation. To justify the finding and enforcement of such a liability, the statute must be absolutely incapable of any other

construction. Respondents' argument is, "that there had been no *abandonment* under the law, but that there had been *a statutory completion*, both of the *contract* and of the building." There is no allegation in the complaint that the contractor ever resumed work on the building. It was alleged in the answer that he did not,—that a contract for its completion was let to another,—and the court found that Hayes "*entirely* ceased labor thereon without completing said building." This is a fair definition of "abandonment." I do not see why the word itself was not used. There are several cases in our reports where cessation of the work for thirty days is spoken of as a "completion." But this language is generally used in reference to the time within which notices or claims of lien shall be filed. It is quite true that where the notice of lien is filed because of a cessation of labor for thirty days, a suit may be maintained to foreclose the lien. But the statute plainly distinguishes between actual completion, and those cases where the contractor fails to perform his contract fully, or abandons the contract after part performance or before completion, so far as the rights of the sub-contractor and the owner are concerned. Where there is a valid contract between the owner and contractor, it is the measure of the owner's liability. (*Greig* v. *Riordan*, 99 Cal. 319; *Kellogg* v. *Howes*, 81 Cal. 175, 177; *Walsh* v. *McMenomy*, 74 Cal. 359, and cases cited.) But in cases where, as here, the contractor fails to perform his contract, section 1200 of the Code of Civil Procedure provides the mode of determining the owner's liability, as follows: "In case the contractor shall fail to perform his contract in full, or shall abandon the same before completion, the portion of the contract price applicable to the liens of other persons than the contractor shall be fixed as follows: From the value of the work and materials already done and furnished at the time of such failure or abandonment, including materials then actually delivered or on the ground, which shall thereupon belong to the owner, estimated as near as may be by the standard of the whole contract price, shall be deducted the payments then due and actually paid, according to the contract and the provisions of sections 1183 and 1184, and the remainder shall be deemed the portion of the contract price applicable to such liens."

Defendants Attell, in their answer, alleged that, under the provisions of the above-quoted section, there was a balance in

their hands of $120, which they offered to pay into court for distribution by it among those entitled thereto. As there was no evidence received by the court tending to show the extent of their liability, measured by the rule stated in said section, we can only say that it furnished the true rule by which the rights of the parties are to be determined, and that the court erred in not receiving the offered evidence, and in holding that plaintiffs were severally entitled to liens upon Mrs. Attell's house and lot for the full amount due them from defendant Hayes, limited only by the full contract price, less the payments made thereunder to contractor Hayes.

Respondents contend that as the appeal from the judgment was not taken within sixty days, the evidence cannot be reviewed. There is no controversy as to the facts. The rulings of the court upon the exclusion of defendants' evidence present only questions of law, and were saved and presented by a bill of exceptions. The same questions were also made upon the defendants' motion for a new trial.

In view of the conclusion reached, it is not necessary to consider whether the motion for nonsuit should have been granted. Nor is it necessary to consider whether the claim of plaintiff Leahy should have been rejected, the notice of lien having alleged an indebtedness of $195 from Hayes for materials, while the true amount is said to be $135. As the defendant Mrs. Attell concedes that there is a small amount in her hands applicable to the claims of the plaintiffs, and which is obviously insufficient to satisfy all of them in full, the validity of said claim is a question for the consideration of his co-plaintiffs.

I advise that the judgment and order be reversed and the cause remanded.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and the cause remanded.

Harrison, J., Garoutte, J., Van Dyke, J.