[L. A. No. 1990. In Bank.—August 8, 1908.]

HOFFMAN–MARKS COMPANY (a Corporation), Appellant, v. MARY H. SPIRES et al., Respondents.

F. O. WYMAN et al., Appellants, v. MARY H. SPIRES et al., Respondents.

INMAN–POULSEN LUMBER COMPANY (a Corporation), Appellant, v. MARY H. SPIRES et al., Respondents.

MARY H. SPIRES et al., Respondents, v. L. McKOWN et al., Defendants.

BUILDING CONTRACT—ABANDONMENT BY CONTRACTOR—PAYMENTS IN EXCESS OF VALUE OF WORK—RIGHTS OF LIEN CLAIMANTS.—Where a valid contract in writing for the erection of a building has been executed and filed, and the work thereunder has been abandoned by the contractor before completion, the amount of the contract price applicable to the liens of other persons than the contractor is to be determined in accordance with section 1200 of the Code of Civil Procedure. Under that section, if the payments made by the owner pursuant to the contract amounted, at the time of the abandonment, to more than the value of the work and materials then done and furnished, estimated by the standard of the whole contract price, no part of the contract price is applicable to the payment of liens, and lien claimants must look to their personal claim against the contractor.

ID.—FINAL PAYMENT NOT APPLICABLE TO LIENS.—Under such circumstances, the final payment of at least twenty-five per cent of the contract price, which under section 1184 of the Code of Civil Procedure must be made payable not less than thirty-five days after the final completion of the contract, cannot be resorted to by the lien claimants.

ID.—LIABILITY OF OWNER GENERALLY LIMITED TO CONTRACT PRICE.—The general constitutional principle underlying the Mechanics' Lien Law is that the liability of an owner, who has on his part complied with all the terms of a valid contract, is limited to the price which by his contract he has agreed to pay.

ID.—VALUE OF WORK AND MATERIALS, HOW DETERMINED.—In determining the value of the work done and materials furnished up to the time of the abandonment, in order to comply with the provision of section 1200 of the Code of Civil Procedure requiring such value to be "estimated as near as may be by the standard of the whole contract price," it is proper to consider not only the value of the work done at the time of abandonment, but also of that left undone. So considered, the evidence is sufficient to sustain the finding that the payments made on account of the contract price exceeded the value of the work done and materials furnished at the time of abandonment.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Borden & Carhart, Percy R. Wilson, Edward F. Wehrle, and Percy B. Lloyd, for Appellants.

John D. Pope, and Charles Wellborn, for Respondents Mary H. Spires et al.

W. D. McConnell, for Respondents Hoffman-Marks Co. et al.

McNutt & Hannon, for Respondents McWhorter Bros.

Trusten P. Dyer, for Respondent Richard Moulton.

SLOSS, J.—Three of the four actions involved in these appeals were commenced to foreclose mechanics' liens upon a lot and building in the city of Los Angeles. Mary H. Spires, the owner of the property, answered the complaints in said actions, and commenced, as plaintiff, a separate action against all of the lien claimants and the original contractors. In this action she prayed for a decree adjudging that none of the claimants was entitled to any lien against her property, and that there was no fund in her hands for the payment of the laborers or materialmen. The four actions were consolidated and tried together.

The findings, so far as it is necessary to state them, were as follows: On September 6, 1904, L. McKown, H. M. Baird, H. Stone, and H. J. Hoover, copartners under the firm name of L. McKown & Co., entered into a contract with Mary H. Spires to build for her a house on the lot in question for the sum of $8183. The contract was in writing and was, before the work was commenced thereunder, filed in the office of the county recorder. With said contract and as part thereof there were filed plans and specifications, referred to in the contract and signed by the parties. The contract price was, by the terms of the contract, made payable as follows: First payment, the sum of $1227.45, when the second floor joists are in place. Second payment, the sum of $1227.45, when the roof is ready for metal covering and chimney built. Third payment, the sum of $1227.45, when the building is inclosed, brown coated and rough plumbed. Fourth payment, the sum of $1227.45, when the last coat of mortar is on, and sash and glass and cement steps are in place. Fifth payment, the sum of $1227.45, when building is accepted by architect and owner. Sixth payment, the sum of $2045.75, when thirty-five days have expired after acceptance by architect and owner, etc. McKown & Co. commenced to build said house and progressed to the point when said building was inclosed, brown coated, and rough plumbed. The first, second, and third payments provided for in the contract, amounting in all to $3632.35, were made by Mrs. Spires to McKown & Co. Thereafter McKown & Co., having failed to proceed under their contract with proper dispatch, received from Mrs. Spires, on December 21, 1904, notice that unless they· so proceeded she would within three days proceed to complete the work, as she was by the contract authorized to do. They (McKown & Co.) failed to proceed, and abandoned the contract, whereupon Mrs. Spires proceeded with the work and completed the building according to the provisions of the contract. At the time of the abandonment by McKown & Co. the value of the work and materials already done and furnished, including materials then actually delivered on the ground, estimated by the standard of the whole contract price, was $3105. The fair and reasonable expense and cost of completion of the house was $7581.79, and Mary H. Spires paid that sum in completing the work. It was also found that certain sums, which it is not

necessary to specify, were due to respective lien claimants (appellants here) by McKown & Co. for materials and labor furnished to be used and used in said building.

From these facts the court drew the conclusions of law that the lien claimants were not entitled to liens upon the premises nor to any judgments against Mary H. Spires, but that they were entitled to judgments against the copartners constituting the firm of L. McKown & Co. for the sums found to be due to them respectively. Mary H. Spires was declared to be entitled to a judgment that the various claimants be decreed to have no lien or liens against her premises. A judgment followed in accordance with these conclusions.

Some of the lien claimants moved for a new trial and, their motion having been denied, they now appeal from the judgment and from the order denying their motion for a new trial.

On the facts as declared in the findings the court properly concluded that the claimants were not entitled to liens or to judgments against Mary H. Spires. It is found that a valid contract in writing had been executed and filed; that work under this contract had been abandoned by the contractor before completion and that the payments made by the owner pursuant to the contract amounted, at the time of the abandonment, to more than the value of the work and materials then done and furnished, estimated by the standard of the whole contract price. Under the rule declared in section 1200 of the Code of Civil Procedure there was therefore no part of the contract price applicable to the payments of liens. That section reads as follows: "In case the contractor shall fail to perform his contract in full, or shall abandon the same before completion, the portion of the contract price applicable to the liens of other persons than the contractor, shall be fixed as follows: From the value of the work and materials already done and furnished at the time of such failure or abandonment, including materials then actually delivered or on the ground, which shall thereupon belong to the owner, estimated as near as may be by the standard of the whole contract price, shall be deducted the payments then due and actually paid, according to the terms of the contract and the provisions of sections 1183 and 1184, and the remainder shall be deemed the portion of the contract price applicable to such liens."

In *McDonald* v. *Hayes,* 132 Cal. 490, 495, [64 Pac. 850], this court said: "Where there is a valid contract between the owner and contractor, it is the measure of the owner's liability. (*Greig* v. *Riordan,* 99 Cal. 319, [33 Pac. 913]; *Kellogg* v. *Howes,* 81 Cal. 175, 177, [22 Pac. 509]; *Walsh* v. *McMenomy,* 74 Cal. 359, [16 Pac. 17] and cases cited.) But in cases where, as here, the contractor fails to perform his contract, section 1200 of the Code of Civil Procedure provides the mode of determining the owner's liability . . ." If, upon making the computation directed by section 1200, no balance remains, there is nothing available for lien claimants, and they must look to their personal claims against the contractor.

It is argued by appellants that the final payment of at least twenty-five per cent which, under section 1184 of the Code of Civil Procedure, must be made payable not less than thirty-five days after the final completion of the contract, constitutes in all cases a fund specially set apart for the satisfaction of liens, and that this fund cannot be impaired in any way. Accordingly, it is contended that the amount of $2045.75, the sixth and last payment provided for in the contract here involved, must be applied to the satisfaction of appellants' liens, notwithstanding the fact that the contractor abandoned his contract, and the owner in completing it was compelled to expend a sum which, added to the payments already made, exceeded the whole contract price. We think the statute affords no foundation for this contention. It may, no doubt, be said in general terms that the Mechanics' Lien Law has set apart the thirty-five-day payment as a fund for lien claimants, and that this fund must remain intact for them, unaffected by any offsets or claims on the part of the owner. (*Hampton* v. *Christensen,* 148 Cal. 729, [84 Pac. 200].) This rule has reference to cases where the contractor has substantially performed his contract and has earned the contract price. But for the specific case of a failure by the contractor to fulfill his contract, the legislature has in section 1200 provided a different method of determining the amount payable by the owner. In every such instance the method so provided must prevail, and the section setting apart the thirty-five-day payment as a fund for lien claimants has no application. Any other conclusion would result in imposing upon the owner the burden of paying much more than the contract price, although he had performed every stipulation of his contract.

The general constitutional principle underlying the Mechanics' Lien Law is that the liability of an owner, who has on his part complied with all the terms of a valid contract, is limited to the price which by his contract he has agreed to pay. (*Kellogg* v. *Howes*, 81 Cal. 179, [22 Pac. 509]; *Stimson Mill Co.* v. *Braun*, 136 Cal. 122, [89 Am. St. Rep. 116, 68 Pac. 481]; *Latson* v. *Nelson*, (Cal.) 11 Pac. C. L. J. 589.) Where the contractor fails to perform his undertaking, the owner is made liable for such proportion of the contract price as represents the value of the work already done. When he is, without any default on his part, burdened with the cost of completing the building, it is but fair and just that he should be relieved of the obligation of paying to the original contractor, or those claiming under him, so much of the contract price as corresponds to the portion of the work left undone. In no other way can he be protected in his constitutional right to have his liability limited to the amount which, by a valid contract, he has agreed to pay.

It is true that in the opinion in *Hampton* v. *Christensen*, 148 Cal. 729, [84 Pac. 200], there is some general language to the effect that the final payment cannot lawfully be depleted to the injury of the lien claimant, and in the course of the discussion, the expense of completion in case of abandonment is not distinguished from other claims of the owner against the contractor which, as is held, cannot be charged against the thirty-five-day payment. But *Hampton* v. *Christensen* was not a case of abandonment. The court made no reference to section 1200 and had no occasion to consider its effect. The decision is not to be understood as holding that section 1200 does not furnish ample and complete provision for cases falling within its terms. In such cases, as we have said, the balance, computed according to the method prescribed by this section, is all that the owner is required to devote to the discharge of lien claims. *Stimson Mill Co.* v. *Nolan*, 5 Cal. App. 754, [91 Pac. 262], is cited by appellants, but is not in point, since in that case there was no valid contract, and therefore the claimants were, by the provisions of section 1184 of the Code of Civil Procedure, entitled to liens for the value of the labor done and materials furnished.

Several of the findings are attacked upon the ground that they find no sufficient support in the evidence. It is contended

that the evidence shows that the specifications referred to in the contract and made a part thereof were not filed with the contract, and that the contract was therefore void. (*Pierce* v. *Birkholm,* 115 Cal. 657, [47 Pac. 681].) But there was direct testimony to the effect that the specifications were attached to the contract at the time of filing and were filed with it. Whether this testimony was true was a question for the trial court and this court is bound by the finding that it was true.

The appellants also assail the finding that the value of the work done and materials furnished up to. the time of the abandonment, estimated according to the rule laid down in the Code of Civil Procedure, section 1200, was $3105. Their contention is that the value of such work and materials was a much greater sum and that it exceeded the amount of the payments made by the owner to McKown & Co. In their brief they quote the opinion of a judge of the trial court, showing that he reached the figure of $3105 by taking such proportion of the actual value of the work done and materials furnished at the time of the abandonment as the total contract price bore to the value of the building as completed. The value of the completed building was arrived at by adding to the actual value of the work done and materials furnished at the time of the abandonment the reasonable cost of completing the building. This method, assuming the items used in the computation to have been correct, was a compliance with the provision of section 1200, requiring the value of the work done and materials furnished to be "estimated as near as may be by the standard of the whole contract price." (*Dunlop* v. *Kennedy,* 102 Cal. 443, 444, [36 Pac. 765].) To estimate such value, it is proper to consider not only the value of the work done at the time of abandonment, but also of that left undone, so that the whole may be compared with the contract price.

The actual value of the work done at the time of abandonment, without reference to the contract, is not found by the court, but is stated in the opinion above referred to to have been four thousand five hundred dollars. The cost of completion (which is found to have been the fair and reasonable expense) is declared by the findings to have been $7580.79. It is urged by appellants that the first of these figures is smaller and the second larger than is justified by the evidence. The

record is not so complete or clear on these points as might be desired, but after a careful examination we are satisfied that the amounts cannot be said to be so far wrong as to materially alter the situation so far as the lien claimants are concerned. That is to say, if we increase the actual value of the work done at the time of abandonment to five thousand dollars (the utmost that can be contended for) and deduct from $7581.79, found to be the reasonable cost of completion, all items clearly appearing to have been improperly included, the value of the work done and materials furnished at the time of abandonment, measured by the standard of the whole contract price, would still be less than the payments already made to the contractors, and there would still be no balance applicable to the payment of lien claimants. With regard to the value or cost of work done by the contractors before, or by the owner after, abandonment, the only material part of the finding is that the value of the work at the time of abandonment, measured by the rule declared in section 1200, was less than the payments made, and to this extent at least the findings are sustained by the evidence.

There is no force in the attack made upon the finding that McKown & Co. abandoned the contract. The written agreement of December 29, 1904, relied on by appellants, is not inconsistent with an abandonment. On the contrary it is in effect a concession by the contractors that such abandonment had taken place.

The witness Baird, called by appellants, was asked to explain an item in a supplemental sheet attached to the contract. An objection to the question was sustained and appellants excepted. The contract itself is not incorporated in the statement on motion for new trial, and without it we cannot say that the supplemental writing described in the record as a portion of the contract presented such ambiguity as to authorize the admission of oral testimony to explain the terms of the writing.

The judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Lorigan, J., and Henshaw, J., concurred.