[Civ. No. 480.    Second Appellate District.—September 14, 1908.]

DUFFY LUMBER COMPANY, a Corporation, Appellant,
v. CRISSIE M. STANTON et al., Respondents.

MECHANICS' LIENS—VALID CONTRACT—ABANDONMENT BY CONTRACTOR
BEFORE COMPLETION—LIMIT OF LIENS UNDER CODE.—If there is a
valid contract, and an abandonment of work by the contractor be-
fore completion, section 1200 of the Code of Civil Procedure fur-
nishes the rule for determining the extent to which the property
of the owner is liable for liens of laborers and materialmen. When
it appears that, at the time of the cessation of work, the value of
the work already performed and materials furnished, including
materials upon the ground, estimated by the standard of the whole
contract price, was only the sum of $46 in excess of the sums paid
under the contract, no lien, whatever its amount, can be enforced
against the property in excess of that sum.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Schweitzer & Hutton, for Appellant.

Bernard Potter, for Respondents.

SHAW, J.—Plaintiff appeals upon the judgment-roll.   The
court found that defendant entered into a valid contract in
writing with one Cropper, whereby the latter for a specified
sum agreed to furnish the labor and materials necessary to
build and complete for defendant, as owner, a certain house
upon the lot designated in said contract, which contract was
duly filed in the office of the recorder of the county wherein
said lot was situated.   That after receiving from defendant
the sum of $1,000, paid pursuant to the terms of the contract,
the contractor ceased work upon the building and abandoned
his contract; that at the time of abandonment the value of
the work already performed upon and materials furnished for
said building by the contractor, pursuant to the terms of the
contract, including materials upon the ground, estimated by
the standard of the whole contract price, was the sum of $46
in excess of that already paid to the contractor in accordance
with the terms of the contract.   Thereupon, the court ren-
dered judgment, decreeing a lien upon the premises for the
sum of $46 in favor of plaintiff, who had furnished to the

contractor materials of the value of $732.79 for the construction of the building.

Appellant's contention, that it is entitled to judgment for twenty-five per cent of the estimated value of the labor expended upon the materials furnished in the construction of the building up to the time of abandonment, is fully answered by the opinion of the supreme court in the case of *Hoffman-Marks Co.* v. *Spires et al.,* 154 Cal. 111, [97 Pac. 152], where it is held that, in such cases, section 1200 of the Code of Civil Procedure furnishes the rule for determining the extent to which the property shall be liable for liens of persons supplying materials. Measured by this rule, the judgment appealed from is correct. It is, therefore, affirmed.

Allen, P. J., and Taggart, J., concurred.