[Civ. No. 2750.   First Appellate District, Division Two.—April 18, 1919.]

PACIFIC MANUFACTURING COMPANY (a Corporation), et al., Respondents, v. R. A. PERRY et al., Appellants.

[1] MECHANICS' LIENS—ABANDONMENT OF CONTRACT—VALUE OF WORK PERFORMED—SUFFICIENCY OF FINDINGS.—In an action to foreclose contractors' and materialmen's liens, under section 1200 of the Code of Civil Procedure, prior to its repeal in 1911, a finding, "that the value of the work and materials already done and furnished at the time of the abandonment of said work and contract" by the contractor, "including materials then actually delivered and on the ground, estimated as near as may be by the standard of the whole contract price, exclusive of the extra work," was a certain aggregate sum, being a given per cent of the contract price, "on account of which there had been paid the contractor" at the time of the abandonment a stated sum, followed by a finding as to the reasonable value of the extra work performed under authorization from

the owners, the amount paid on account thereof, and the balance due therefor, was a sufficient finding of fact.

[2] ID.—RIGHT TO ABANDON CONTRACT — PAYMENT OF LIENS — PROPORTION OF CONTRACT PRICE APPLICABLE.—Section 1200 of the Code of Civil Procedure, as it existed prior to its repeal, recognized that a building contract might be terminated by abandonment, and provided a method of arriving at the proportion of the contract price applicable to liens in that event. Under it, upon abandonment, the performance of the contract came to an end, and the rights of all parties thereunder were to be adjusted as of that date.

[3] ID.—AMOUNT APPLICABLE TO PAYMENT OF LIENS—PROPER FINDING. In such action the court, having found that at the time of the abandonment the contract had been a given per cent completed, properly held that that per cent of the contract price, less payments made, was applicable to the discharge of liens which had accrued prior to the abandonment. The *actual* cost of completing the building was immaterial.

[4] ID.—ACTION TO FORECLOSE LIEN—JUDGMENT-ROLL IN ANOTHER ACTION NOT ADMISSIBLE.—In such action the court properly sustained an objection to the admission in evidence of the judgment-roll in another action by the same plaintiff against the defendant contractor, wherein the plaintiff had recovered a judgment, which on execution issued thereon was satisfied, where there was an entire absence of evidence connecting the subject matter of the former action with that in the suit before the court.

APPEAL from a judgment of the Superior Court of Alameda County.    William H. Waste, Judge.    Affirmed.

The facts are stated in the opinion of the court.

C. Irving Wright, F. E. Boland and John Douglas Short for Appellants.

W. B. Rinehart for Respondents.

HAVEN, J.—This is the second appeal in consolidated actions to foreclose contractors' and materialmen's liens, the opinion on the first appeal being reported in 31 Cal. App. 274, [160 Pac. 246]. On June 10, 1910, the defendant R. A. Perry, acting on behalf of the defendant Winifred A. Perry, his wife, entered into a valid contract with defendant Magneson for the construction of a residence and garage for the total contract price of $23,567, which contract was re-

corded on June 13, 1910. The contractor commenced construction of the building thereunder and continued until February 11, 1911, at which latter date he abandoned work under the contract. On March 22, 1911, the defendants R. A. and Winifred A. Perry filed for record a notice of abandonment by the contractor of said contract. The details of the contract, so far as they may be material, are set forth in the opinion on the former appeal and need not here be repeated. The present appeal is by the defendants from a decree adjudging plaintiffs entitled to liens as set forth in their several complaints and decreeing the foreclosure thereof. All the claims of lien here involved are based upon work performed or materials furnished prior to the abandonment of the contract. The controversy is concerned mainly with the proper portion of the contract price applicable to the payment of such liens under section 1200 of the Code of Civil Procedure, prior to its repeal in 1911; and particularly as to the correct method of computation to be adopted in arriving at that amount. The court found: "That the value of the work and materials already done and furnished at the time of the abandonment of said work and contract by the said defendant Magneson, as aforesaid, to wit, on the eleventh day of February, 1911, including materials then actually delivered and on the ground, estimated as near as may be by the standard of the whole contract price, exclusive of the extra work hereinafter mentioned and referred to, was and is the aggregate sum of $17,468.71, being 74.2 per cent of the amount of the contract price, to wit, $23,567, on account of which there had been paid the contractor, the defendant Magneson, at the time of abandonment, the sum of ten thousand dollars." The court also found that during the course of construction of the buildings, and prior to the abandonment of the contract, certain extra work was performed by the contractor, subcontractors, and materialmen, under authorization in writing from the defendants Perry and in conformance with the provisions of the contract, the reasonable value of which aggregated $4,016.36, on account of which there had been paid to the contractor the sum of $1,300, leaving a balance unpaid for said extras in the sum of $2,716.36.

[1] Appellants attack the finding above quoted as not being a sufficient finding of fact under the terms of section

1200 of the Code of Civil Procedure. It is couched, however, in the language of that section, and is sufficient under the authority of *Marshall* v. *Vallejo Commercial Bank,* 163 Cal. 469, 474, [126 Pac. 146]. The ultimate fact is found as required by the section referred to. The real contention of appellants is that this finding is not supported by the evidence, for the reason that it does not appear that the cost of completion of the building was an element taken into consideration in arriving at the amount found to be applicable to the payment of liens at the time of abandonment. Appellants argue that the cost of completion after abandonment was much greater than it would have been if there had been no abandonment, and as the owners were obliged to pay this extra cost through no fault on their part, it should have been taken into consideration in arriving at the amount applicable to claims of lien which accrued prior to abandonment.

[2] It is admitted by appellants that this contention is contrary to the rule laid down in *Ganahl Lumber Co.* v. *Weinsveig,* 168 Cal. 664, 669, [124 Pac. 1025]. But it is claimed that the rule announced in the case last referred to is contrary to all the previous decisions of the supreme court, and to the law of these cases as announced upon the former appeal. Particular reliance is placed by appellants upon the cases of *Roystone Co.* v. *Darling,* 171 Cal. 526, 533, [154 Pac. 15], *McDonald* v. *Hayes,* 132 Cal. 490, [64 Pac. 850], *Hoffman-Marks Co.* v. *Spires,* 154 Cal. 111, 116, [97 Pac. 152], and *Marshall* v. *Vallejo Commercial Bank,* 163 Cal. 469, [126 Pac. 146], as announcing a rule which is inconsistent with that declared in the Ganahl case, as construed and applied on the former appeal, and by the trial court in the instant cases. Upon a careful reading of the decisions referred to, we do not find the inconsistency claimed by appellants. In our opinion, the confusion of appellants arises from a failure fully to appreciate the fact, so clearly pointed out in the Ganahl case, that upon abandonment the performance of the contract has come to an end, and the rights of all parties thereunder must be adjusted as of that date. It is true that a contract legally made limits the liability of the owner to lien claimants to the amount of the contract price; but the liability thus referred to is to lien claimants whose claims have arisen under the contract. Section 1200 of the Code of Civil

Procedure, as it existed prior to its repeal, recognized that a building contract might be terminated by abandonment, and provided a method of arriving at the proportion of the contract price applicable to liens in that event. As stated in the Ganahl case, if the contract is half performed, it is equitable, and a protection of the constitutional rights of all parties, to decree that one-half of the price agreed to be paid for the performance of the entire contract, less payments made, should be applied to the discharge of liens which had accrued prior to the abandonment. This is undoubtedly the rule established by the decision last above referred to, and even if it could be construed as inconsistent with former decisions, as claimed by appellants, we should consider ourselves bound thereby. We are of the opinion, however, that all the cases referred to are entirely harmonious.

[3] The testimony was conflicting as to the value of the work done and materials furnished at the time of abandonment, and as to the reasonable value of all the labor and materials necessary to construct and complete the buildings according to the contract, plans, and specifications. The findings of the court are sufficiently supported, however, by the evidence of experts offered on behalf of the plaintiffs. These witnesses testified that the reasonable value, at the time the buildings were constructed, of all the labor and materials necessary and required to construct and complete the buildings according to the contract, plans, and specifications was the aggregate sum of $26,255.08; and that the aggregate value of the labor and materials actually used in the construction of the buildings and upon the ground at the time of the abandonment was $19,454.34. They then computed that the latter sum was 74.2 per cent of the former, and, therefore, testified that the contract had been 74.2 per cent completed at the time of the abandonment. Upon this testimony the court held that 74.2 per cent of the contract price, less payments made, was applicable to the discharge of liens which had accrued prior to the abandonment. In our opinion, this method of computation follows the rule announced in the Ganahl case and is justified thereby.

It is further claimed by appellants that a different rule is announced in the opinion rendered upon the former appeal in these cases, and that that opinion has become the law of these cases, even if it should be found to be inconsistent with the

decisions of the supreme court. The court there held that it was "unable to formulate any equation under the rule of section 1200 as approved by the supreme and appellate courts, which would support the findings of the court for the full amount found subject to the liens, on the theory of a valid contract abandoned by the contractor." It is pointed out by the writer of that opinion that the amount for which the court gave judgment on the first trial exceeded the amount of the fund available for the discharge of liens, computed upon respondents' own theory, by $674.59. It was doubtless this discrepancy which made it impossible for the appellate court to formulate an equation which would support the findings of the court for the *full* amount found subject to liens, and led to a reversal of the first judgment. A careful reading of the entire opinion does not disclose any conflict with the rule above referred to. Special reference is made therein to the decision in the Ganahl case, and it is stated that the meaning of section 1200 of the Code of Civil Procedure, as affecting the liability of the owner in the case of an abandonment of a valid contract, is very clearly pointed out in the case referred to. Appellants rely upon the following language in the former opinion: "But respondent makes no allowance for the cost of completing the buildings which, through no fault of appellants, were left in an unfinished condition. What the *actual* cost of completion was to appellants may be immaterial (*Ganahl Lumber Co.* v. *Weinsveig, supra*), but as was said in *Hoffman-Marks Co.* v. *Spires*, 154 Cal. 111, 116, [97 Pac. 152] : 'When he [owner] is, without any default on his part, burdened with the cost of completing the building, it is but fair and just that he should be relieved of the obligation of paying to the original contractor, or those claiming under him, so much of the contract price as corresponds to the portion of the work left undone. In no other way can he be protected in his constitutional right to have his liability limited to the amount which, by a valid contract, he has agreed to pay.' " There can be no claim in the instant cases that the owner has not been relieved of the obligation of paying to the original contractor, or those claiming under him, so much of the contract price as corresponds to the portion of the work left undone. As we understand the portion of the opinion above quoted, it means merely that, while the actual

cost of such completion to appellants may be immaterial, the reasonable cost thereof, according to the plans and specifications, must be taken into consideration in arriving at the proper proportion of the contract which had been completed at the time of abandonment, and the proportion of the contract price applicable to liens at that time. Appellants' contention is that the *actual* cost of completion to the defendants should have been taken into consideration in arriving at the figures above referred to. This is contrary to the rule laid down in the Ganahl case, and it is so stated in the portion of the opinion on the former appeal above quoted. We think, therefore, that the trial court was correct in construing the opinion on the former appeal in these cases as not being inconsistent with the rule laid down in the Ganahl case.

[4] Objection is made by appellants to the allowance of the lien of the Pacific Manufacturing Company on account of a claimed error of the trial court in sustaining an objection to the offer in evidence by defendants of the judgment-roll in another action by the same plaintiff against O. M. Magneson, the contractor herein, in which a judgment was recovered for $2,567.59 and execution issued thereon. Attached to the sheriff's return on such execution was a receipt signed by plaintiff's attorney in the sum of $2,611.45. Defendants sought to prove by this record that the claim here sued upon had been paid, but the record offered did not show that the indebtedness there sued upon is the same indebtedness as is involved in the present suit. Defendants offered no evidence to that effect. They now rely upon the concurring opinion of Mr. Justice McKee in *Goss* v. *Strelitz,* 54 Cal. 640, 644, as establishing the rule that any payment from the contractor to the Pacific Manufactuirng Company should be applied in payment of the lien involved in this action, in the absence of any showing of other existing indebtedness. In the case referred to the payment which was applied was received from the contractor on account of bricks furnished for the particular contract. If there had been evidence here that the payment collected through the action referred to was so received on account of this particular contract, the authority would be applicable. Inasmuch, however, as there is an entire absence of any evidence connecting the payment referred to in the receipt mentioned with the claim sued upon in this

action, the trial court did not err in sustaining plaintiffs' objection to the offer of the judgment-roll.

The judgment appealed from is affirmed.

Langdon, P. J., and Brittain, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 16, 1919.

All the Justices concurred.